**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**WILLIAM HABENEY**                                        **CIVIL ACTION**

**VERSUS**                                                          **NO. 25-2346**

**RPM PIZZA GREATER NEW ORLEANS,**          **SECTION: "D" (5)**
**LLC, ET AL.**

<u>ORDER AND REASONS</u>

Before the Court is a Motion to Remand, filed by Plaintiff William Habeney ("Plaintiff").[1] Defendant RPM Pizza Greater New Orleans, LLC ("RPM Pizza") Opposes the Motion,[2] and Plaintiff has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

## I.      FACTUAL BACKGROUND

This suit arises out of a motor vehicle accident occurring in St. Charles Parish, Louisiana,[4] in which Plaintiff sets forth the following allegations. On or about February 21, 2024, Plaintiff stopped at a stop sign while operating his 2017 BMW 5-Series.[5] While stopped, Plaintiff was struck from the rear by a 2019 Nissan Frontier, forcefully knocking Plaintiff around the inside of vehicle and causing his ball cap to fly off his head.[6] The 2019 Nissan Frontier was operated by Defendant Issaiah White ("White") while White was operating in the course and scope of his employment as a

---

[1] R. Doc. 6.
[2] R. Doc. 7.
[3] R. Doc. 8.
[4] R. Doc. 1-4 at p. 10.
[5] *Id.*
[6] *Id.*

1

delivery driver for RPM Pizza.[7] At the time of the motor vehicle accident, RPM Pizza had an automobile liability insurance policy with Defendant National Union Fire Insurance Company ("National Union"), and White had an automobile liability insurance policy with Defendant Root Insurance Company ("Root").[8]

Plaintiff filed suit against Defendants RPM Pizza,[9] White, National Union,[10] and Root severally, jointly, and *in solido* in the 29th Judicial District Court for the Parish of St. Charles, Louisiana on February 19, 2025.[11] In his state court petition, Plaintiff asserted negligence claims against White and against RPM Pizza under the theory of *respondeat superior*.[12] Plaintiff requested damages for past, present, and future pain and suffering, mental anguish, among other categories of damages.[13]

On April 29, 2025, while the matter was pending in state court, White filed a Voluntary Petition for Bankruptcy pursuant to Chapter 7 of the Bankruptcy Code.[14] The United States Bankruptcy Court for the Eastern District of Louisiana issued an Order of Discharge on July 29, 2025, thereby granting White a discharge under 11 U.S.C. § 727.[15] Thereafter, on October 29, 2025, counsel for White informed counsel

---

[7] *Id.* at p. 11.

[8] *Id.* at p. 12.

[9] In state court, Plaintiff incorrectly named RPM Pizza Greater New Orleans, LLC ("RPM Pizza") as RPM Pizza, LLC. R. Doc. 1 at p. 4 n.8; R. Doc. 1-4 at p. 9. RPM Pizza, LLC was dismissed without prejudice after RPM Pizza Greater New Orleans, LLC made an appearance in state court. R. Doc. 1 at p. 4 n.8; R. Doc. 1-4 at pp. 62–63.

[10] On May 27, 2025, the Twenty-Ninth Judicial District Court dismissed National Union without prejudice. R. Doc. 1-4 at pp. 44–46.

[11] R. Doc. 1-4 at pp. 9, 12.

[12] *Id.* at p. 11.

[13] *Id.* at pp. 11–12.

[14] R. Doc. 1-2 at p. 1.

[15] R. Doc. 1-3 at p. 1. As explained in the Order of Discharge, "[m]ost debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed." *Id.*

for RPM Pizza that White had filed for Chapter 7 bankruptcy.[16] The matter was still pending in state court at that time.

Less than one month later, on November 19, 2025, RPM Pizza filed a Notice of Removal from the Twenty-Ninth Judicial District Court for the Parish of St. Charles, State of Louisiana, in this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332.[17] RPM Pizza asserts that the amount in controversy exceeds $75,000[18] and that there is complete diversity of citizenship between Plaintiff and all Defendants.[19] Specifically as to the parties' citizenship for diversity purposes, RPM Pizza contends that Plaintiff is "domiciled in Jefferson Parish, State of Louisiana" and therefore is a citizen of Louisiana.[20] Addressing its own citizenship, RPM Pizza advises as follows:

> RPM Pizza Greater New Orleans, LLC is a Limited Liability Company, organized under the laws of Mississippi. As such, RPM's citizenship is based upon the citizenship of its members. RPM Pizza Greater New Orleans, LLC has one member, RPM Pizza Holdings, LLC. RPM Pizza Holdings, LLC has six members. Those members are Glenn Mueller, Sr., a resident of Gulfport, Mississippi, and Linda Mueller, a resident of Gulfport, Mississippi. The remaining four members are the traditional irrevocable trusts of Glenn Mueller's four children. The trustee for all four trusts is the same, The Rockefeller Trust Company (Delaware). The Rockefeller Trust Company (Delaware) is incorporated in Delaware with its principal place of business in Delaware. Accordingly, RPM Pizza Greater New Orleans, LLC is a citizen of Mississippi and Delaware.[21]

---

[16] R. Doc. 1 at p. 2.
[17] *Id.* at p. 3.
[18] RPM Pizza contends that because Plaintiff's "Allegedly related incurred medical costs to date exceed $165,000[,]" it is facially apparent that the amount in controversy exceeds $75,000. R. Doc. 1 at p. 6; R. Doc. 1-5. The Court agrees.
[19] R. Doc. 1 at ¶¶ 9–13.
[20] R. Doc. 1 at ¶ 9.
[21] R. Doc. 1 at ¶ 10 (footnotes removed).

Pertaining to Defendant Root, RPM Pizza avers that Root is "an Ohio corporation, with its principal place of business in Columbus, Ohio" and therefore is a citizen of Ohio.[22] Lastly, as to Defendant White, RPM Pizza contends that although White is domiciled in Westwego, Louisiana, and would usually be considered a Louisiana citizen, White's discharge in Chapter 7 bankruptcy makes him a nominal defendant, and therefore his citizenship is not considered for purposes of establishing diversity jurisdiction.[23]

On December 18, 2025, Plaintiff filed the instant Motion to Remand, moving to remand this matter back to the Twenty-Ninth Judicial District Court for St. Charles Parish, State of Louisiana.[24] Plaintiff asserts that RPM Pizza's characterization of White as a nominal defendant is incorrect, as "the Fifth Circuit's 'voluntary-involuntary rule' prohibited removal in this case as a matter of law."[25] This bar on remand exists, according to Plaintiff, because "White's filing for bankruptcy was done without Mr. Habeney's agreement and certainly contrary to Mr. Habeney's desire to bring claims against as many solvent, properly joined defendants as warranted by law[.]"[26] Plaintiff concludes that this non-removable matter did not become removable by a voluntary act of the Plaintiff, and thus must be remanded.[27] Plaintiff further contends that neither of the two exceptions to the voluntary-

---

[22] R. Doc. 1 at ¶ 11.

[23] *Id.* at ¶¶ 3, 12.

[24] R. Doc. 6.

[25] R. Doc. 6-1 at p. 1. Plaintiff advises that the voluntary-involuntary rule holds that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." *Id.* (citation modified).

[26] R. Doc. 6-1 at p. 5.

[27] *Id.*

4

involuntary rule applicable in the above-captioned matter.[28] Plaintiff advises that "[d]espite the fact that no allegations of improper joinder have been made, it is readily apparent that Mr. White was properly joined in this lawsuit under both federal law and Louisiana[,]" as White was the at-fault driver in the motor vehicle accident and was in the course an scope of his employment with RPM Pizza at the time of the accident.[29] Therefore, according to Plaintiff, "[c]onsidering that Mr. Habeney did not fraudulently or improperly join Mr. White to this case, the exceptions to the voluntary-involuntary rule do not apply."[30]

RPM Pizza has filed an Opposition.[31] As an initial matter, "RPM Pizza recognizes the judicially created voluntary-involuntary rule is still applicable in the Fifth Circuit."[32] Addressing the improper joinder exception to the voluntary-involuntary rule, RPM Pizza alleges that "improper joinder can be established in two ways: '1) actual fraud in the plains of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[33] According to RPM Pizza, "[i]t is the second method of determining improper joinder at issue here and which is mis-cited and mis-applied by the Plaintiff in his removal motion."[34]

RPM Pizza specifically contends that "in order for the improper joinder exception to the voluntary-involuntary rule to apply, it must only be shown that at

---

[28] *Id.* at p. 7.
[29] *Id.* at pp. 7–8.
[30] *Id.* at p. 8.
[31] R. Doc. 7.
[32] *Id.* at p. 1.
[33] *Id.* (quoting *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).
[34] *Id.*

the time of the removal the plaintiff cannot recover against the non-diverse defendant in state court."[35] Because White's debts have been discharged in Chapter 7 bankruptcy, "including specifically any debt to the Plaintiff Mr. Habeney," and the time to challenge that discharge has since passed, RPM Pizza avers that "it is an impossibility that the Plaintiff can ultimately recover from him."[36] Accordingly, RPM Pizza claims that "Mr. White, the non-diverse party, at the time of the removal, was improperly joined because there is no possibility of recovery by the plaintiff against him."[37] In sum, RPM Pizza asserts that White "is still a party but only a nominal party. It is the same discharge in bankruptcy that makes Mr. White only a nominal party. Because he is a nominal party, and improperly joined, his residency and citizenship does not matter for diversity purposes."[38] Thus, according to RPM Pizza, Plaintiff's Motion to Remand should be denied.[39]

Plaintiff has filed a Reply.[40] Plaintiff asserts that "RPM artificially narrows the Court's inquiry and analyzes only whether, at the time of removal, Plaintiff could 'recover' against White."[41] According to Plaintiff, RPM Pizza's narrow characterization "would eliminate the voluntary-involuntary rule. Indeed, if the analysis was restricted solely to whether there was diversity at the time of removal, as RPM suggests, there would never be a need to analyze the prior voluntary or

---

[35] *Id.*
[36] *Id.* at pp. 2–3.
[37] *Id.* at p. 3.
[38] *Id.*
[39] *Id.*
[40] R. Doc. 8.
[41] *Id.* at p. 1.

involuntary actions that created diversity."[42] Plaintiff advises that "the Court should simply recognize that: (1) White, who is not diverse from Mr. Habeney and is a citizen of Louisiana, was properly joined when this lawsuit was filed; (2) White filed for bankruptcy after this lawsuit and his Answer was filed; and (3) White's bankruptcy filing and discharge were not Plaintiff's voluntary acts. Based on these simple points, the voluntary-involuntary rule prohibits removal."[43] Therefore, Plaintiff submits that its Motion to Remand should be granted.[44]

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction.[45]  A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[46]  The removing party has the burden of proving federal diversity jurisdiction.[47]  The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[48]  Remand is proper if at any time the court lacks subject matter jurisdiction.[49]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[50] Governing removal, 28 U.S.C. § 1441 provides:

---

[42] *Id.*
[43] *Id.* at p. 4 (emphasis removed).
[44] *Id.* at p. 9.
[45] *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022).
[46] 28 U.S.C. § 1441(a).
[47] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[48] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).
[49] *See* 28 U.S.C. § 1447(c).
[50] 28 U.S.C. § 1332(a)–(a)(1).

**(a) Generally.** — Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

**(b) Removal Based on Diversity of Citizenship.—**

**(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

**(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[51]

"By reading §§ 1441(b)(2) and 1332(a) together, we know that removal under § 1441(b)(2) is permissible only if complete diversity exists among all named parties: Each plaintiff must be diverse from each defendant, *i.e.*, there must be what is known as complete diversity."[52] "In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit."[53]

The Fifth Circuit has stated that "[t]he grandaddy case in our circuit dealing with nominal parties and removal is *Tri–Cities Newspapers, Inc. . . . .*"[54] In *Tri–Cities*

---

[51] 28 U.S.C. § 1441.

[52] *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022)(citation modified).

[53] *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)("Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.").

[54] *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991)(citing *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325 (5th Cir. 1970)).

*Newspapers, Inc.*, the Fifth Circuit held that "[t]he test of whether or not a named defendant is a nominal party is if his role in the law suit is that of a depositary or stakeholder."[55] The Fifth Circuit has also enumerated an alternative test, instructing courts to consider "'whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable.'"[56] In determining whether a party is "neither necessary nor indispensable to join in the action" thereby constituting a nominal party, courts must "take practical considerations into account in making this determination."[57] Ultimately, as instructed by the Fifth Circuit, "[t]he bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court."[58]

## III.   ANALYSIS

Plaintiff seeks remand of the above-captioned matter to the Twenty-Ninth Judicial District Court, Parish of St. Charles, State of Louisiana, for lack of subject matter jurisdiction.[59] Specifically, Plaintiff contends that RPM Pizza's Notice of Removal was improper because White is a Louisiana citizen, like Plaintiff, thereby defeating complete diversity of citizenship under 28 U.S.C. § 1332.[60] RPM Pizza counters that White's discharge under Chapter 7 of the Bankruptcy Code renders

---

[55] *Tri–Cities Newspapers, Inc.*, 427 F.2d at 327 (citation modified).
[56] *Acosta v. Master Maintenance and Const. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006)(quoting *Tri–Cities Newspapers, Inc.*, 427 F.2d at 327).
[57] *Louisiana v. Union Oil Co. of California*, 458 F.3d 364, 367 (5th Cir. 2006)(citing *Shaughnessy v. Pedreiro*, 349 U.S. 48, 54 (1955)).
[58] *Farias*, 925 F.2d at 872.
[59] R. Doc. 6.
[60] *Id.* at pp. 1–2.

White a nominal defendant, and therefore White's citizenship is not considered for purposes of diversity of citizenship.[61] Thus, according to RPM Pizza, complete diversity of citizenship exists, and the Court has subject matter jurisdiction over the above-captioned matter.[62] For the reasons set forth below, the Court finds that White is a nominal party to the suit, thereby giving the Court subject matter jurisdiction over the above-captioned matter.

"'[A]n action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff.'"[63] "The judicially created voluntary-involuntary rule is *itself* subject to a judicially created exception for improper joinder."[64] "Fraudulent joinder can be established by demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[65] At issue here,[66] "[a]ssessing a plaintiff's ability to establish a cause of action against a non-diverse defendant in state court turns on whether the state courts have already ruled on the merits of the plaintiff's claim. If a state court has not yet ruled, the

---

[61] R. Doc. 7.

[62] *Id.* at p. 3.

[63] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)(quoting *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545, 547 (5th Cir. 1967)).

[64] *Hoyt v. Lane Construction Corporation*, 927 F.3d 287, 295 (5th Cir. 2019)(emphasis original). The Fifth Circuit has explained that it adopts "the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004)(en banc); *see also Hoyt*, 927 F.3d at 292 n.1.

[65] *Crockett*, 436 F.3d at 532 (quoting *Travis v. Irby,* 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Hoyt*, 927 F.3d at 296 ("Improper joinder 'can be established by demonstrating,' among other things, the 'inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" (quoting *Crockett*, 436 F.3d at 532)).

[66] Neither party addresses actual fraud in the pleading of jurisdictional facts, thus the Court need not consider the first prong of establishing fraudulent joinder.

federal court must ask whether 'there [is] any reasonable possibility that a state court would rule against the non-diverse defendant.'"[67] And "'[i]f a state court has come to judgment,' the federal court must ask whether 'there [is] any reasonable possibility that the judgment will be reversed on appeal.'"[68] Ultimately, "if [a] plaintiff can[not] establish a cause of action against the nonremoving defendant in state court[,]"[69] then the non-removing defendant is a nominal defendant that falls into the fraudulent joinder exception to the voluntary-involuntary rule.[70]

The Court finds that Plaintiff cannot establish a cause of action against White under Louisiana law for the following reasons.[71]

Louisiana Revised Statute § 22:1269 provides, in pertinent part:

B. (1) The injured person or, if deceased, the persons identified in Civil Code Articles 2315.1 and 2315.2, shall have no right of direct action against the insurer unless at least one of the following applies:

(a) The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.

(b) The insured is insolvent.[72]

"In the absence of the Direct Action Statute, a plaintiff would have no right of action against an alleged tortfeasor's liability insurer because the obligation between the plaintiff and the alleged tortfeasor is delictual in nature, and plaintiff has no

---

[67] *Hoyt*, 927 F.3d at 296 (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).

[68] *Id.* (quoting *Poulos*, 959 F.2d at 73).

[69] *Farias*, 925 F.2d at 872.

[70] *See Crockett*, 436 F.3d at 532.

[71] *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[72] La. REV. STAT. §§ 22:1269(B)(1)(a)–(b)(2026). Louisiana's Direct Action Statute, in its current form, became effective on August 1, 2024 through Act 275. 2024 La. Sess. Law Serv. Act 275 (H.B. 337). Although neither party raises such question, the Court highlights that even under the previous version of Louisiana's Direct Action Statute, Plaintiff would have a direct right of action against the insurer. *See, e.g.*, LA. REV. STAT. §§ 22:1269(B)(1)(a)–(b)(2023).

contractual relationship with the tortfeasor's insurer."[73] Louisiana courts have defined a nominal party as one "'who has no control over it and no financial interest in its outcome; . . . a party who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by a judgment, but who is nonetheless joined in the lawsuit to avoid procedural defects.'"[74]

Here, because White has obtained a discharge pursuant to 11 U.S.C. § 727 in bankruptcy court, Plaintiff, the insured, has a direct cause of action against Root, the insurer. Accordingly, Plaintiff need not sue White because Plaintiff has a direct right of action against White's insurance provider, Root, who may be found liable for any damages arising out of the motor vehicle accident in question. Because Plaintiff need only sue Root and not White, and joining White in this suit defeats diversity of citizenship, White is a nominal defendant who has been improperly joined under Louisiana law.

Not only is White a nominal defendant by virtue of Plaintiff's direct action against Root, White is also a nominal defendant pursuant to the Bankruptcy Code. Under 11 U.S.C. § 727(a), "[t]he bankruptcy code requires discharge of the debtor unless a statutory exception applies."[75] As provided by 11 U.S.C. § 524(a)(2), such discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such

---

[73] *Green v. Auto Club Group Ins. Co.*, 2008-2868, p. 3 (La. 10/28/09), 24 So. 3d 182, 184.

[74] *Marco Outdoor Advertising, Inc. v. KFK Group, Inc.*, 20-204, p. 8 (La. App. 5 Cir. 11/16/20), 307 So. 3d 339, 346 (quoting *Tipton v. Campbell*, 2008-0139, pp. 30–31 (La.App. 4 Cir. 9/24/08), 996 So.2d 27, 47); *see also Chaffe v. Elliott*, 37 La. Ann. 184, 185 (La. 1885)("The petition does not claim any damages from the sheriff, and does not seek to hold him in any manner personally responsible . . . He is held merely as a nominal party, a stake holder, and represents nobody in the suit besides himself.").

[75] *In re Duncan*, 562 F.3d 688, 695 (5th Cir. 2009)(citing 11 U.S.C. § 727(a)).

debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]"[76] The Fifth Circuit has explained:

> In general, section 524 protects a debtor from any subsequent action by a creditor whose claim has been discharged in a bankruptcy case. To ensure that a discharge will be completely effective, it operates as an injunction against enforcement of a judgment or the commencement or continuation of an action in other courts to collect or recover a debt as a personal liability of the debtor. A discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt. Section 524(e) specifies that the debt still exists and can be collected from any other entity that might be liable.[77]

As the Supreme Court has advised, "[a] defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. However, such a discharge extinguishes *only* 'the personal liability of the debtor.'"[78] Here, White's § 727 discharge absolves him of any personal liability resulting from the motor vehicle accident at issue. Thus, Plaintiff is unable to enforce any judgment against White arising out of the motor vehicle accident. Further, even if White had not obtained a § 727 discharge, only his employer, RPM Pizza, would be liable for his alleged negligence in a motor vehicle accident which occurred in the course and scope of White's employment with RPM Pizza.[79] Because White is absolved of any personal liability, the Court finds that White is a nominal defendant to this action and "'one

---

[76] 11 U.S.C. § 524(a)(2); *see also* 11 U.S.C.§ 524(a)(1)("A discharge in a case under this title . . . voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under *section 727* . . . .")(emphasis added).

[77] *Matter of Edgeworth*, 993 F.2d 51, 53 (5th Cir. 1993)(citation modified).

[78] *Johnson v. Home State Bank*, 501 U.S. 78, 82–83 (1991)(quoting 11 U.S.C. § 524(a)(1))(emphasis original).

[79] *See, e.g., Baumeister v. Plunkett*, 95-2270, p. 3 (La. 5/21/96), 673 So. 2d 994, 996 ("The law in this area is clear that an employer is liable for a tort committed by his employee if, at the time, the employee was acting within the course and scope of his employment."); LA. CIV. CODE art. 2320 ("Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.").

13

who has no control over it and no financial interest in its outcome; a party who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by any judgment, but who is nonetheless joined in the lawsuit to avoid procedural defects.'"[80]

The Court's holding is further supported by non-binding, yet persuasive, caselaw that on its face appears to fall on both sides of the issue. In *Jackson v. E-Z-GO Div. of Textron, Inc.*, the Western District of Kentucky found that discharged defendants were nominal parties for purposes of diversity of citizenship.[81] That court explained that "[t]he operation of the bankruptcy laws, therefore, would seem to make the [discharged defendants] nominal parties following their bankruptcy discharge under 11 U.S.C. § 727."[82] The *Jackson* court reasoned, "[t]he threat of monetary loss is usually the principal mark of a real party in interest. Because the [discharged defendants] received a discharge for the specific claims in this case, Plaintiffs are enjoined from collecting any judgment against them."[83] As further explained by that court:

> The discharge does not automatically dismiss the bankrupt from whatever lawsuits to which he or she may presently be joined. The discharge creates a nominal party, not a non-party. As such, the notice of removal should include the bankrupt as a party to the litigation, and the district court shall then determine if the party is nominal for the purposes of diversity.[84]

---

[80] *Estate of Lucas v. Clark*, No. 25-CA-358, 2026 WL 218461, at *2 n.4 (La. Ct. App. 5th Cir. Jan. 28, 2026)(quoting *Nominal Party*, BLACK'S LAW DICTIONARY (12th ed. 2024)).

[81] *Jackson v. E-Z-GO Div. of Textron, Inc.*, Civil Action No. 3:12–CV–154–H., 2012 WL 2562830, at *2 (W.D. Ky. June 29, 2012)(citing *In re Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993); *In re Patterson*, 297 B.R. 110, 113–14 (Bankr. E.D. Tenn. 2003); *In re Rodgers*, 266 B.R. 834, 837 (Bankr. W.D. Tenn. 2001)).

[82] *Id.* at *1.

[83] *Id.* at *2.

[84] *Id.* at *2 n.2.

Applying the *Jackson* reasoning to the case at bar, White remains as a defendant in this suit as a nominal party due to his § 727 discharge.

In contrast, in *Harris v. Edem*, the Western District of Virginia, Danville Division, faced the identical issue of whether "a defendant, who has received a discharge in bankruptcy, become[s] a nominal party for purposes of the jurisdictional requirement found in 28 U.S.C. §§ 1332(a) and 1441(b)(1)[.]"[85] In an unreported Opinion, the *Harris* court determined that the discharged defendant was not a nominal party, found a lack of complete diversity of citizenship, and remanded the case back to state court.[86] In its reasoning, the court dismissed the argument that a defendant is a nominal party because his "insurance proceeds have been interpled[,] . . . his personal funds are under the control of the bankruptcy trustee[,] [and] faces no direct financial liability[.]"[87] In support of its holding, the court in *Harris* invoked the decisions of other district courts who "are virtually unanimous that a bankrupt defendant is not 'nominal' for purposes of diversity jurisdiction."[88]

Crucially, and what makes *Harris* and its supporting cases distinguishable from the instant dispute, the underlying state law in that case "required [a] Plaintiff to sue [a defendant] personally in order to recover insurance proceeds."[89] Indeed, the

---

[85] *Harris v. Edem*, Case No. 4:18-cv-00053, 2019 WL 489134, at *2 (W.D. Va. Feb. 7, 2019).

[86] *Id.* at *3.

[87] *Id.* at *2.

[88] *Id.* (citing *Tyree v. Kanawha Energy Co., LLC*, No. 2:18-cv-01200, 2018 WL 4781253, at *2 (S.D.W. Va. Oct. 3, 2018); *City of Carlsbad v. I&W, Inc.*, No. 12-080 BB-CG, 2012 WL 12931286, at *6 (D.N.M. May 15, 2012); *Monroe v. Continental Tire The Americas, LLC*, 807 F. Supp. 2d 1129, 1132–34 (M.D. Fl. 2011); *Stewart v. Jennings*, No. 1:10-cv-158, 2010 WL 3009536, at *3 (E.D. Tenn. July 28, 2010); *Schuchmann v. Miraglia*, No. 3:04-cv-1057-B, 2004 WL 2626532, at *2 (N.D. Tx. Nov. 16, 2004)).

[89] *Id.* (citing VA. CODE ANN. § 8.01-5(B) (2018)).

15

*Harris* court specified that "[l]ike those [cited] cases, Virginia law requires Plaintiff to sue [the discharged defendant] personally in order to recover insurance proceeds . . . . Because the law of Virginia, which governs this action . . . requires that [the discharged defendant] be sued, he is not a nominal party."[90] The same cannot be said in the case at bar. Unlike the Virginia law relied on by the court in *Harris*, Louisiana law provides that White's discharge under § 727[91] affords Plaintiff with a "right of direct action" against Root, White's insurer.[92] Therefore, unlike *Harris*, Plaintiff need not prove the liability of White as a prerequisite to recover from Root under Louisiana law.

As a final point, Plaintiff asserts that if that the Court adopts RPM Pizza's argument, then the voluntary-involuntary rule would be effectively eliminated.[93] Indeed, at least one Judge on the Fifth Circuit has suggested that the Fifth Circuit has already "all but eviscerate[d] the voluntary-involuntary rule."[94] That Judge further prophesied that "[o]ur precedents in this field have flummoxed parties and district courts alike . . . . But I recognize that, given the wicked web our caselaw weaves, these concerns may merit further consideration in a future appropriate case."[95] Perhaps this is the case. But it is not for this Court to opine on the status of the voluntary-involuntary rule in the Fifth Circuit, nor does this Order rest on whether the voluntary-involuntary rule survives in the Fifth Circuit. Rather, the

---

[90] *Id.*

[91] R. Doc. 1-3.

[92] La. REV. STAT. §§ 22:1269(B)(1)(a)–(b)(2026).

[93] R. Doc. 8 at p. 2.

[94] *Advanced Indicator and Manufacturing, Incorporated v. Acadia Insurance Company*, 50 F.4th 469, 478 (5th Cir. 2022)(Engelhardt, J., concurring).

[95] *Id.*

Court navigates the "wicked web [of] caselaw" that has previously "flummoxed parties and district courts alike."[96] In doing so, the Court's answer is clear: "because [White] was improperly joined at the time of removal, [RPM Pizza's] removal was proper."[97]

The Court finds that White's role as a defendant in this matter "is that of a depositary or stakeholder."[98] Even in the absence of White, the Court finds that it may "'enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable.'"[99] This is buttressed by La. R.S. §§ 22:1269(B)(1)(a)–(b), which gives Plaintiff a "direct right of action" against Root, thereby eliminating the necessity of White as a named defendant in this suit. Accordingly, the Court determines that it has subject matter jurisdiction over this matter pursuant to White's status as a nominal defendant.

## IV.  CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Motion to Remand[100] is **DENIED.**

New Orleans, Louisiana, April 27, 2026.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[96] *Id.*
[97] *Id.* at 474 (majority opinion).
[98] *Tri–Cities Newspapers, Inc.*, 427 F.2d at 327 (citation modified).
[99] *Acosta*, 452 F.3d at 379 (quoting *Tri–Cities Newspapers, Inc.,* 427 F.2d at 327).
[100] R. Doc. 6.